
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERA J. EMMA, | No. 10-55799 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00832-WQH-WMC |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 7, 2011[**]
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and CONLON, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Appellant Vera Emma ("Emma") challenges the district court's decision to uphold the Commissioner of Social Security's determination that Emma was not disabled for purposes of eligibility for supplemental security income.

Emma's application for benefits was denied by the Administrative Law Judge ("ALJ") on March 28, 2007. At the hearing, at which Emma was represented by counsel, the ALJ determined that Emma had a residual functional capacity with no exertional limitations and she had the ability to perform nonpublic simple and repetitive tasks. Based on this determination, the ALJ concluded at Step Five of the Sequential Analysis that Emma was not disabled because jobs existed in the national economy that she could perform. *See* 20 C.F.R. § 416.920(a)(4)(v). In making his determination, the ALJ relied on inconsistencies in the medical evidence. Specifically, the ALJ found that treating physician Dr. Nicole Esposito's reports contradicted one another. The ALJ further found that Dr. Esposito's reports contradicted the reports of other treating and non-examining physicians who concluded that Emma was able to perform nonpublic simple and repetitive tasks. As a result, the ALJ did not give controlling weight to the opinion and conclusions of Dr. Esposito.

The ALJ did not err in declining to give controlling weight to the opinion of treating physician Dr. Esposito. To reject the opinion of a treating physician that conflicts with the opinion of another doctor, the ALJ must make findings setting

forth "specific and legitimate reasons" for doing so that are supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Esposito's post-appointment reports are contradicted by other reports she prepared regarding Emma's mental and behavioral health. Moreover, the reports by Emma's other treating and non-examining physicians constitute substantial evidence for denying Emma benefits.

Thus the ALJ gave specific and legitimate reasons for rejecting the opinion of Dr. Esposito. The ALJ's denial of benefits is supported by substantial evidence in the record.

**AFFIRMED**.